UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NATHAN CLAUDE WALL #78404, | ) ) ) |
| Plaintiff, | ) ) No. 3:23-cv-00850 |
| v. | ) ) ) |
| DICKSON COUNTY JAIL, | ) ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Nathan Claude Wall, an inmate of the Dickson County Jail in Charlotte, Tennessee filed this pro se civil rights complaint under 42 U.S.C. § 1983 regarding the conditions of confinement at the Dickson County Jail. (Doc. No. 1). Plaintiff brought this case in the Middle District of Georgia, which transferred the case here. (Doc. No. 4). The complaint names one Defendant: "Dickson County Jail." (Doc. No. 1 at 1).

### I. APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Plaintiff seeks pauper status. (Doc. No. 2). Under the Prisoner Litigation Reform Act (PLRA), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's Application for Leave to Proceed In Forma Pauperis and supporting materials (Doc. No. 2), it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his Application (Doc. No. 2) is **GRANTED**.

Under Section 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides

prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff is hereby assessed the full $350 filing fee, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Dickson County Jail to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate

trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance with this Order.

## II. SCREENING OF THE COMPLAINT

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). Id. § 1915A(b).

In screening the complaint as required by these statutes, the court applies the same standard as under Federal Rule of Civil Procedure 12(b)(6). Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). The court accepts the "well-pleaded allegations in the complaint as true" and determines if those allegations "'plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)). The court holds a pro complaint to "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted).

Plaintiff Wall brings his complaint under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color

3

of state law. Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009) (quoting Sigley v. City of Panama Heights, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

Here, the complaint alleges that inmates at the Dickson County Jail are "being misdiagnosed and mistreated by medical staff; inmates are served caloric-deficient meals that "will not fill up a child"; staff lie on disciplinary write-ups; the jail is infested with mice and cockroaches; disabled inmates are forced to sleep on the floor or in top bunks; the jail fails to provide inmates with adequate hygiene items and clothing; and Sunni Muslim inmates are not afforded religious gatherings. (Doc. No. 1 at 1). No additional details are provided.

Although the complaint's allegations may implicate First and Eighth Amendment concerns[1] for which relief may be available under Section 1983, Plaintiff names only the Dickson County Jail as a Defendant. The Dickson County Jail is a building; it is not a "person" who can be sued under 42 U.S.C. § 1983. See Fuller v. Cocran, No. 1:05-CV-76, 2005 WL 1802415, at *3 (E.D. Tenn. July 27, 2005) (dismissing Section 1983 claims against the Bradley County Justice Center on the same basis); Seals v. Grainger County Jail, No. 3:04CV606, 2005 WL 1076326, at *1 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983.").

Rather than dismiss the case, however, considering Plaintiff's pro se status, the Court will give Plaintiff a chance to file an amended complaint. See LaFountain v. Harry, 716 F.3d 944, 951 (6th Cir. 2013). The Clerk is **DIRECTED** to send Plaintiff a blank form Section 1983 complaint

---

[1] Under the First Amendment to the United States Constitution, prisoners retain the right to freely exercise their religion, subject to limitations arising "both from the fact of incarceration and from valid penological objectives." O'Lone v. Shabazz, 482 U.S. 342, 348 (1987) (citations omitted). Under the Eighth Amendment to the United States Constitution, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832 (1994).

4

for prisoners.[2] This form will enable Plaintiff to provide the needed information for evaluating his claims. Plaintiff may request free resources from the Court such as the Court's Pro Se Handbook for Prisoner Civil Rights Actions.

### III. INSTRUCTIONS TO PLAINTIFF

For this case to proceed, Plaintiff **MUST** file an amended complaint that states a claim against one or more Defendants. Plaintiff should focus on telling the Court basic factual information about how any named Defendant was involved in each event—the "who, what, when, where why, and how."

The amended complaint will replace the original complaint for all purposes, so it must include all the factual allegations, legal claims, and Defendants that Plaintiff wants to pursue. See In re Refrigerant Compressors Antitrust Litig., 731 F.3d 586, 589 (6th Cir. 2013) (citation omitted).

An amended complaint must be filed within **30 DAYS** of the date this Order is entered on the docket, and it must include the assigned case number, No. 3:23-cv-00850. If necessary, Plaintiff may request (in writing) more time to comply before the deadline expires. To file in person or by mail, the Court's address is: U.S. District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

When the Court receives the amended complaint, it will conduct a fresh screening to decide if Plaintiff states a claim for relief. If Plaintiff does not file an amended complaint, however, then the Court will dismiss this case for failure to state a Section 1983 claim upon which relief can be granted.

---

[2] Plaintiff filed his original complaint on a form entitled "Civil Rights Complaint Form" from the United States Attorney's Office in the Southern District of New York. (Doc. No. 1).

Plaintiff is reminded that failure to promptly inform the Court of any change in address may result in dismissal of the case without further Order. M.D. Tenn. L.R. 41.01(b).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE